IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CINDY MYERS,

    Plaintiff,

-vs-

QUEST BUILDING SERVICES LTD, *et al.*,

    Defendants.

Case No. 2:18-CV-985

JUDGE MORRISON

MAGISTRATE JUDGE DEAVERS

## STIPULATED PROTECTIVE ORDER

This case is before the Court on the parties' joint motion to approve a proposed Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(C). The Court finds that the discovery in this action will require the production of documents and things and testimony containing confidential, sensitive, and/or proprietary information requiring protection against unrestricted disclosure and use. In the interest of expediting discovery and limiting disputes regarding access to such information, the below is hereby stipulated and agreed to, by and among each of the parties in the above-entitled action ("the Action"), through their undersigned counsel.

The joint motion is therefore GRANTED.

IT IS ORDERED, ADJUDGED AND DECREED that:

1. **Scope of Protective Order**

    a. This Protective Order shall be applicable to and shall govern without limitation all documents, materials, and information produced in response to initial disclosures, requests for production of documents and things, interrogatory answers, responses to requests for admissions, deposition testimony and exhibits, any other discovery authorized by the Federal Rules of Civil Procedure, court testimony, and matters of evidence in connection with the Action.

1

b.  This Protective Order shall not be construed to apply to information which:

   i.  Is or becomes publicly known through no fault of the Receiving Party (unless such disclosure violates any other agreements to keep such information confidential); or

   ii. The Receiving Party or its counsel has lawfully obtained outside of the discovery authorized by the Federal Rules of Civil Procedure.

2. **Designated Material**.

a.  Any party or non-party with a reasonable, good faith belief that any documents, materials, or information produced in this case are confidential may, at the time of production, and by written notice as described herein, designate such documents, materials, or information as "**Confidential**" or "**Highly Confidential**." The information so designated, collectively referred to herein as "Designated Material," shall thereafter be subject to the provisions of this Protective Order. A party making such designation shall be referred to herein as the "Designating Party." A party receiving such Designated Material shall be referred to herein as the "Receiving Party."

b.  For purposes of this Protective Order, the term "Confidential" shall mean any and all documents, materials, or information concerning the business or affairs of any party to the Action acquired in the course of the party's respective work that such party believes in good faith would qualify for a protective order if sought from the Court.

c.  For purposes of this Protective Order, the term "Highly Confidential" shall mean any and all material that qualifies as "Confidential" and further relates to the parties' trade secrets; customer or client information; prospective customer proposals; medical or psychiatric information; information protected by the Health Insurance Portability and

Accountability Act ("HIPAA"), Americans with Disabilities Act ("ADA"), or Family and Medical Leave Act ("FMLA") or applicable privacy laws; or other highly sensitive information that is not publicly available.

3. **Methods of Designating.** Any documents, materials, or information to be designated Confidential or Highly Confidential may be so designated by:

   a. Affixing the legend "Confidential" or "Highly Confidential" on such documents, materials, or information prior to their production. Stamping such a legend on the cover of any multi-page document shall designate all pages of such document, unless otherwise indicated by the Designating Party;

   b. Furnishing a separate written notice to the counsel for the Receiving Party regarding such documents, materials, or information, at the time of their production or as soon thereafter as practicable, specifically identifying the documents, materials, or information to be so designated (for example, by identifying the document number(s)) and their respective designations; or

   c. All testimony, documents, material, or information disclosed at a deposition may be designated as Confidential or Highly Confidential by making such designation on the record at the time of the deposition, or by subsequently notifying counsel of deposition testimony or materials that are to be designated as Confidential or Highly Confidential.

4. **Inadvertent Production without Designation.**

   a. The inadvertent production of any document, material, or information during discovery in the Action without a "Confidential" or "Highly Confidential" designation shall be without prejudice to any claim that such material is Confidential, Highly Confidential, privileged in any respect, or protected from discovery as trial preparation

3

material, provided that, upon discovery of the omission of the "Confidential" or "Highly Confidential" designation, the party producing such material promptly provides a written notice to the parties to whom the material was produced identifying the material and the designation to be applied to that material. No party shall be held to have waived any rights by such inadvertent production.

b. In the event that any document, material, or information that is subject to a claim of privilege or that is protected from discovery as trial preparation material is inadvertently produced, the party that received the document, material, or information shall return same, together with all copies thereof, to the producing party promptly after it receives a written notice from the producing party that the document, material, or information was produced inadvertently.

c. If Confidential or Highly Confidential documents, materials, information, or things are produced or disclosed without having been so designated, future disclosure of the documents, materials, information, or things may be restricted in accordance with this Protective Order by notifying the receiving parties in writing of the change in or addition of such restrictive designation with respect to the documents, materials, information, or things. The receiving parties shall then take reasonable steps to prevent any further disclosure of such newly designated Confidential or Highly Confidential documents, materials, information, or things, except as permitted by this Protective Order.

5. **Limited Disclosure of Confidential Material.** Confidential information shall be disclosed only to:

    a. A designated representative of each Party;

b. This Court and any court to which an appeal might lie, including court personnel, as well as trial jurors;

c. Outside litigation counsel of the Parties and in-house counsel working on the case, together with their respective associate attorneys and office personnel employed or engaged in the preparation for, or aiding in the trial of, the Action;

d. Court reporters and other persons engaged in preparing transcripts of testimony in the Action;

e. Outside vendors who perform photocopying or similar clerical functions, but only for so long as and to the extent necessary to perform those services;

f. Outside experts and/or advisors consulted by counsel in connection with the Action, whether or not retained to testify at trial;

g. Witnesses at any deposition in or trial of the Action; and

h. Any other persons to whom the Designating Party agrees in writing.

6. **Limited Disclosure of Highly Confidential Information.** Any material designated "Highly Confidential" shall be treated the same as and shall be subject to the same procedures as set forth in this Protective Order for information designated "Confidential," except that such information shall be disclosed only to persons identified in subparagraphs (b) - (h) of paragraph 5, above.

7. **Agreement to Be Bound.** Prior to being permitted access to Designated Material, any individual or business entity described in paragraphs 6 (a), (e), (f), (g), and (h) shall sign the form of agreement annexed hereto as Appendix A. The original of each agreement shall be retained by counsel of record for the party permitting disclosure.

8. **Use of Designated Material.**

a. All Designated Material shall be used solely for the purposes of prosecuting or defending the Action and in connection with any appeals thereof. It may not be used for any business or commercial purpose, or for any other litigations, administrative proceedings, or dispute resolution procedures, except by written agreement with the Designating Party or upon order of this Court after reasonable notice and a hearing at which the Designating and Receiving Parties shall have an opportunity to be heard. No person receiving any Designated Material shall disclose such material to any person other than those described above, and such disclosure shall be in accordance with the terms of this Protective Order.

b. Parties may make general references to Designated Material in pleadings, motions, or briefs, provided that the substance of the Designated Material is not revealed.

c. If a party intends to present Designated Materials at trial, such party shall provide advance notice to the other party identifying the Designated Materials at issue as specifically as possible (e.g., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Designated Materials. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

9. **Designated Materials at Depositions, Hearing, or Trial.**

a. No persons other than the individuals described in s 5 and 6 who, as applicable, have executed the form of agreement annexed hereto as Appendix A shall be permitted to attend any deposition, hearing, or trial, unless the Court shall order otherwise, during the disclosure of Designated Material. This provision shall not act as a bar to attendance at such proceedings during the disclosure of other information.

b. Upon good faith assertion by counsel for the Designating Party that a question or line of questions at a deposition or hearing is likely to result in the disclosure of Confidential or Highly Confidential material, any person not entitled under paragraphs 5 and/or 6 to access to Confidential or Highly Confidential material shall leave the deposition or hearing until the question or line of questions is completed, unless otherwise ordered by the Court. The Confidential or Highly Confidential material disclosed at the deposition or hearing shall not, directly or indirectly, in whole or in part, be disclosed or made available to any person, except those persons falling within categories defined at paragraph 5 with respect to information designated as Confidential, or paragraph 6 with respect to information designated as Highly Confidential.

10. **Filing Under Seal.** This Protective Order does not authorize filing Designated Materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. See Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 5.2.1.

11. **Objections to Designation.**

    a. If any documents, information, or testimony are designated as Confidential or Highly Confidential, but are not believed in good faith to be Confidential or Highly Confidential by any Receiving Party that party shall notify the Designating Party, in writing, and request a release of confidentiality. If such a release is not forthcoming within five (5) days, the objecting party may apply to the Court for an order requiring the release of confidentiality.

b.  If any party hereto contends that any document, material, or information designated as Confidential or Highly Confidential, or otherwise subject to this Protective Order, is not entitled to such protection, the document, material, or information will nevertheless be treated as designated by the Designating Party until the Receiving Party either obtains written permission from the party furnishing the document, material, or information to do otherwise, or obtains an order from the Court finding that the document, material, or information does not constitute Confidential or Highly Confidential material. On any motion to the Court regarding a claim of confidentiality, the party seeking to assert that the material is Confidential or Highly Confidential shall have the burden of proof.

c.  The designation of a document, material, or information as Confidential or Highly Confidential shall not create any presumption with regard to the actual confidentiality of such document, material, or information. Nor shall it affect the burden of proof necessary for obtaining an appropriate order from the Court.

12. **Motions and Questions to the Court**. This Protective Order shall be without prejudice to the right of the parties to:

a.  Bring before the Court at any time, subject to the procedural requirements of paragraph 11, the question of whether any particular document, material, or information is Confidential or Highly Confidential material or whether its use should be restricted; or

b.  Present a motion to the Court for a separate protective order, or other appropriate relief, as to any particular document, material, or information, including restrictions differing from those specified herein.

13. **Notice of Unauthorized Disclosure**. If Confidential or Highly Confidential documents, materials, or information designated in accordance with the procedures of this Protective Order are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the counsel of record for the party whose Designated Material was disclosed and, without prejudice to any other rights and remedies of the provider, make every effort to prevent further disclosure by it or by the person or entity who was the recipient of such documents, materials, or information.

14. **Return or Destruction of Designated Materials.** Except as otherwise provided by this Protective Order, within sixty (60) days after the conclusion of the Action and any appeals arising therefrom, all originals and copies of Designated Material, other than material provided to the Court or Court personnel, shall be destroyed and a written statement certifying destruction shall be sent to opposing counsel. Alternatively, at the option of the Designating Party, and at that party's expense, a party may request all Designated Material it produced be returned for its own disposition. Except for Designated Material included in counsel's work product that is securely stored, all extracts from Confidential or Highly Confidential material, summaries, and compilations thereof, and all written, graphic, and recorded versions of information therein, shall be destroyed by each Receiving Party and a certificate of destruction shall be provided by the Receiving Party. The conclusion of the Action shall not relieve any person who has received Confidential or Highly Confidential material pursuant to this Protective Order from the obligation to maintain the confidentiality of such material and the information contained therein.

15. **Retention of Designated Materials by Counsel of Record.** After the conclusion of the Action and any appeals arising therefrom, counsel of record may retain such copies of any

Designated Material produced under this Protective Order as such counsel reasonably deems necessary to the proper maintenance of counsel's files with respect to this action. Such copies shall not be disclosed to anyone outside of counsel of record's firm, unless legally or ethically required. If a subpoena or other compulsory process is received by counsel of record requesting such Designated Material, counsel of record retaining the copy of the Designated Material shall object to the production of the Designated Material based on the obligations of non-disclosure under this Protective Order and shall notify the Designating Party so that party may intervene and seek protection of its Designated Material if it so chooses in the forum that issued the compulsory process.

16. **Court's Jurisdiction.** The Court shall retain jurisdiction even after termination of the Action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate. The parties hereto may apply to the Court at any time, before or after termination, for an order modifying this Protective Order or seeking further protection against discovery or use of Confidential or Highly Confidential documents, materials, or information.

17. **Not a Waiver.** This Protective Order shall not be deemed a waiver of any party's right to:

    a. Object to any discovery request on any ground;

    b. Seek an order compelling discovery with respect to any discovery request; or

    c. Object to the admission of any evidence, on any grounds, in any proceeding.

18. **No Effect on Admissibility.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

19. **Legal Advice.** Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to a client with respect to the Action, and, in the course thereof, referring to or relying in a general way upon the attorney's examination of Designated Material produced or exchanged hereunder.

20. **Injunctive Relief.** In the event anyone shall violate or threaten to violate any terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order. In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy of law.

21. **Retroactive Effect.** The terms and conditions of this Protective Order shall apply to all documents previously produced in the matter as if this Protective Order had been entered into at the time of all earlier productions.

22. **Joint Submission.** The parties agree to submit this Protective Order to the Court for the Court's approval, and further agree that, until this Protective Order is approved and entered by the Court, it shall be effective as between the parties as if so approved and entered.

23. **Headings.** The headings of the numbered paragraphs in this document are for convenience only.

**Agreed to:**

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (#0085586)
COFFMAN LEGAL, LLC
1550 Old Henderson Rd., Ste. 126
Columbus, Ohio 43220
Tel: (614) 949-1181
Fax: (614) 386-9964
mcoffman@mcoffmanlegal.com

/s/ *Peter Contreras*
Peter Contreras (#0087530)
CONTRERAS LAW, LLC
1550 Old Henderson Rd., Ste. 126
Columbus, Ohio 43220
Tel: (614) 787-4878
Fax: (614) 957-7515
peter.contreras@contrerasfirm.com

*Attorneys for Plaintiff,*
*Cindy Myers*

/s/ *Scott H. DeHart*
Drew C. Piersall (#0078085)
Scott H. DeHart (#0095463)

ZASHIN & RICH CO., LPA
17 S. High St., Suite 900
Columbus, OH 43215
Tel: (614) 224-4411
Fax: (614) 224-4433
dcp@zrlaw.com
shd@zrlaw.com

*Attorneys for Defendants,*
*Quest Building Services et al.*

*So Ordered:*

Dated: July 2, 2019

_____
Magistrate Judge Preston Deavers
U.S. District Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CINDY MYERS,

    Plaintiff,

-vs-

QUEST BUILDING SERVICES LTD, *et al.*,

    Defendants.

Case No. 2:18-CV-985

JUDGE MORRISON

MAGISTRATE JUDGE DEAVERS

## ATTACHMENT A

## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT OF BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands its terms, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use Designated Materials in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of Court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Signature                          Date