IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CINDY MYERS,**

    **Plaintiff,**

                              **Case No. 2:18-cv-985**
                              **Judge Sarah D. Morrison**
    **v.**                             **Chief Magistrate Judge Elizabeth P. Deavers**

**QUEST BUILDING SERVICES LTD,** *et al.***,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

    This matter is before the Court for consideration of the failure of Defendants Quest Building Services, LTD ("Quest"), Toure D. Young, and Gregory Tate to file a response to the Court's Order from March 30, 2020, directing them to Show Cause as to why the Clerk should not enter default against them. (ECF No. 36.)

    This action was filed on August 30, 2018. (ECF No. 1.) On January 9, 2019, the parties' filed a joint Stipulation representing that Defendants were served with the summons and Complaint on or about December 21, 2018, and stipulating to February 1, 2019, as the deadline for Defendants to plead or otherwise move in response to the Complaint. (ECF No. 10.) Defendants filed a timely Answer on February 1, 2019. (ECF No. 12.)

    On January 2, 2020, the Court granted counsel for Defendants' Motion to Withdraw as counsel. (ECF No. 22.) On January 23, 2020, Attorneys Sean Kohl and Timothy Cook entered an appearance for Defendant Quest. (ECF No. 23.) Defendants Young and Tate remained unrepresented by counsel.

On February 26, 2020, Plaintiff and Defendant Quest Building Services, LTD, filed a Stipulated Notice of Voluntary Dismissal that failed to comply with Federal Rule of Civil Procedure 41(a)(1)(A)(i) as it did not contain the signatures of Defendants Young and Tate. (ECF Nos. 30, 31.) The Court addressed this deficiency in an order on February 27, 2020. (ECF No. 31.)

Attorneys Kohl and Cook, counsel for Defendant Quest filed a Motion to Withdraw as Attorneys on March 6, 2020 indicating that Defendant Quest had discharged them and declined any further representation. (ECF No. 32.) The Court granted this Motion and scheduled a telephonic status conference for March 30, 2020, at 2:00 p.m. (ECF No. 33.) In this Order, the Court ordered Quest to retain a trial attorney as provided for in Southern District of Ohio Civil Rule 83.4 to appear on its behalf at the conference. (*Id.*) The docket reflects that the Order setting this conference was mailed by U.S. mail and certified mail to all three Defendants. (ECF No. 34.) The docket reflects that Defendants were served with this Order. (ECF No. 35, Acknowledgement of Service.)

Counsel for Plaintiff appeared and participated at the conference on March 30, 2020. (ECF No. 36.) Counsel for Defendant Quest did not appear. (*Id.*) Defendants Tate and Young also did not appear. (*Id.*) Accordingly, the Court directed Defendants to show cause within fourteen (14) days of the date of that Order why the Court should not enter default judgment against them for failure to appear and defend. (*Id.*) Defendants were specifically advised that default judgment could be entered against them if they failed to respond to the Show Cause Order. (*Id.*, citing Fed. R. Civ. P. 16(f)(1)(A).) The docket reflects that this Order was sent by regular mail and certified mail to all three Defendants. (ECF Nos. 36.) The docket reflects that Defendants were served with this Order. (ECF No. 37, Acknowledgement of Service.)

To date, Defendants have not filed anything in response to the Order to Show Cause. Under the present circumstances, it is therefore **RECOMMENDED** that the Court direct the Clerk to enter default against Defendants Quest, Young, and Tate, and once default is entered, that Plaintiff be permitted to move for default judgment against Defendants.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report an recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waiver.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

The Clerk is **DIRECTED** to forward a copy of this Order by regular and certified mail,

and note such on the docket, to Defendants at the following address:

Quest Building Services, LTD
Greg Tate and Toure Young
752 N. State St. #108
Westerville, Ohio 43082

**IT IS SO ORDERED.**


Date: April 17, 2020                  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE